**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 01 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RICHARD PIKE, | No. 13-16075 |
| Plaintiff - Appellee, | D.C. No. 3:12-cv-00283-RCJ-VPC |
| v. | |
| SEAN MUNSON, in his official and individual capacities; RICK KEEMA, in his official and individual capacities; JIM PITTS, in his official and individual capacities; ELKO COUNTY SHERIFF'S OFFICE, a government entity; ELKO COUNTY, Nevada, a government entity, | MEMORANDUM[*] |
| Defendants - Appellants. | |

| | |
|---|---|
| RICHARD PIKE, | No. 13-16083 |
| Plaintiff - Appellee, | D.C. No. 3:12-cv-00283-RCJ-VPC |
| v. | |
| J. BRAD HESTER, in his official and individual capacities, | |
| Defendant - Appellant, | |

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

And

SEAN MUNSON, in his official and individual capacities; RICK KEEMA, in his official and individual capacities; JIM PITTS, in his official and individual capacities; ELKO COUNTY SHERIFF'S OFFICE, a government entity; ELKO COUNTY, Nevada, a government entity,

Defendants.

Appeal from the United States District Court
for the District of Nevada
Robert Clive Jones, District Judge, Presiding

Submitted November 17, 2015[**]
San Francisco, California

Before: THOMAS, Chief Judge and IKUTA and HURWITZ, Circuit Judges.

The defendants appeal the district court's grant of summary judgment on their affirmative defense of qualified immunity in Richard Pike's favor. We have jurisdiction under 28 U.S.C. § 1291. *See Mitchell v. Forsyth*, 472 U.S. 511, 530 (1985).

The district court plainly erred in ruling that defendants' opposition to the motion for summary judgment was untimely. Rule 6 of the Federal Rules of Civil

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Procedure applies to computing any time period specified in any local rule, *see* Fed. R. Civ. P. 6(a). If a party makes service by electronic means, the specified time period for a response is extended for three additional days. *See* Fed. R. Civ. P. 6(d); 5(b)(2)(E). Pike served his motion for summary judgment by electronic means on April 2, 2013. Under local rules, a response is due within 21 days after that date. *See* D. Nev. Civ. R. 7–2(e). Reading these rules together, the defendants' response was due April 26, 2013. The defendants' response was therefore timely filed on that date. Because it erred in determining that defendants' response was untimely, the district court also erred in failing to consider the defendants' response and in failing to construe the facts in the light most favorable to the defendants. Fed. R. Civ. P. 56; *Tolan v. Cotton*, 134 S. Ct. 1861, 1866 (2014).

Each party will bear its own costs on appeal.

**VACATED AND REMANDED.**